## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
## NORTHERN DIVISION

**SHANSHAN ZHAN**                                                              **PLAINTIFF**

**V.**                                                      **CAUSE NO. 3:14-cv-00777-CWR-FKB**

**UNIVERSITY OF MISSISSIPPI MEDICAL CENTER**                  **DEFENDANT**

### ORDER

Before the Court are University of Mississippi Medical Center's Motions to Dismiss and

for Partial Summary Judgment.  Docket Nos. 12 and 38.  The Court finds that the motion to

dismiss should be denied and summary judgment should be granted in part and denied in part.

### PROCEDURAL BACKGROUND

 In 2014, Zhan filed a Charge of Discrimination with the Equal Employment Opportunity

Commission ("EEOC") and received a right to sue letter.  On October 6th of that year,

proceeding *pro se*, Zhan filed this suit alleging race and national origin discrimination,

retaliation, sexual harassment, and wrongful termination under 42 U.S.C. § 2000e *et seq.*, and

wrongful termination under state law.  The present motions followed.

### DISCUSSION

**I.        Motion to Dismiss**

Federal Rule of Civil Procedure 4(m) states:

> If a defendant is not served within 120 days after the complaint is filed, the court -
> on motion or on its own after notice to the plaintiff - must dismiss the action
> without prejudice against that defendant or order that service be made within a
> specified time.  But if the plaintiff shows good cause for the failure, the court
> must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m).  If good cause does not exist, the court still has discretion to dismiss the

case without prejudice or extend the time for service.  *Thompson v. Brown,* 91 F.3d 20, 21 (5th

Cir. 1996);*accord Gerena v, Korb*, 617 F.3d 197, 201 (2d Cir. 2010)(the rule "give[s] wide

latitude to courts in deciding when to grant extensions on time to serve, including permitting courts to grant extensions even absent good cause."). Good cause exists when the serving party shows some good faith and a reasonable basis for noncompliance. *Sys. Signs Supplies v. U.S. Dep't of Justice,* 903 F.2d 1011, 1013 (5th Cir. 1990). District courts even have discretion to grant retroactive extensions. *Walker v. Foamex Corp.*, No. 1:11-CV-018-SA-SAA, 2011 WL 3740718, at *2 (N.D. Miss. Aug. 23, 2011). *See also*, *Nabors Drilling USA, L.P. v. Markow, Walker, P.A.*, No. 2:05-CV-2024, 2006 WL 1454755, at *2 (S.D. Miss. May 22, 2006); *Etheridge-Brown v. American Media, Inc.*, No. 13-CV-1982 (JPO), 2015 WL 4877298, at *5 (S.D. N.Y. Aug. 14, 2015).

UMMC alleged that Zhan did not effect service until 140 days after filing her complaint. Zhan agreed. She explained that after denial of her motion for a court-appointed process server (on January 22, 2015), *see*, Docket No. 9, she promptly filed summons forms with the clerk in which she mistakenly misidentified the defendant.[1] The clerk's office mailed her new summons forms on February 2nd with instructions to list the correct defendant. The summons was re-issued on February 10th, and Zhan served UMMC on February 24th.

The Court finds that Zhan's reasons for untimely service constitute good cause. Zhan diligently attempted service during the first 120 days after filing her complaint. *See id.* UMMC, moreover, did not claim any prejudice from the brief delay. *See McDonald v. U.S.*, 898 F.2d 466, 469 (5th Cir. 1990). Thus, the motion to dismiss is denied.

After UMC was served, the Court held a Case Management Conference with the parties, and a Case Management Order was entered. Docket No. 22. *See also* Docket No. 23 (Amended

---

[1] Prior to filing her motion for a court-appointed process server, Zhan had requested the Court to appoint counsel, and when the Court denied that motion, Docket No. 4, she requested additional time to employ counsel. But, that motion also was denied. Docket No. 6.

Case Management Order). The parties are in the midst of discovery, but UMC has now filed a motion for summary judgment.

## II. Motion for Summary Judgment

Summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking to avoid summary judgment must identify admissible evidence in the record showing a fact dispute. *Id.* at 56(c)(1). The Court will view the evidence and draw reasonable inferences in the light most favorable to the non-movant. *Maddox v. Townsend & Sons, Inc.,* 639 F.3d 214, 216 (5th Cir. 2011). Unsubstantiated assertions, however, are not sufficient summary judgment evidence. *Forsyth v. Barr,* 19 F.3d 1527, 1537 (5th Cir. 1994).

### A. Zhan's Title VII Claims

Before bringing suit under Title VII, a plaintiff must exhaust his administrative remedies by filing an EEOC charge of discrimination. *Castro v. Tex. Dep't of Crim. Just.,* 541 F. Appx 374, 379 (5th Cir. 2013). Administrative remedies are considered exhausted for any claims which can reasonably be expected to grow out of the charge of discrimination. *Id.* Title VII was not designed for sophisticated litigants and most complaints are initiated *pro se,* and therefore should be construed liberally. *Pacheco v. Mineta,* 448 F.3d 783, 789 (5th Cir. 2006). A plaintiff is not required to "check a certain box or recite a specific incantation to exhaust his or her administrative remedies." *Id.*

UMMC contends that Zhan did not exhaust her administrative remedies for her national origin, sexual harassment, retaliation, and wrongful termination claims. It attaches a copy of Zhan's charge of discrimination on which she checked "Race" and "Age" as the basis of her claims. Zhan says the EEOC gave her the right to sue "without restrictions for Title VII," and

that by checking the race box she exhausted her administrative remedies as to the national origin claim.

UMMC is largely correct.  National origin, sexual harassment, and retaliation claims could not reasonably be expected to grow out of Zhan's charge wherein when describing the particulars of her charge, she makes no statements or allegations which  allude to action taken against her because of her national origin, sexual harassment or retaliation.  A right-to-sue letter is not carte blanche to bring any claim under Title VII; that would eviscerate the purpose of the exhaustion requirement.  UMMC is entitled to summary judgment on Zhan's national origin, sexual harassment, and retaliation claims.

Zhan's charge, however, specifically stated that she believed she was subjected to racial discrimination and was "terminat[ed] without advance notice."  Given this language, UMMC and the EEOC should have reasonably expected Zhan to raise wrongful termination on the basis of race in her lawsuit.  Consequently, she has exhausted her administrative remedies on this claim.

## B.  Zhan's ADEA Claim

 UMMC contends that Zhan's ADEA claim is barred by the Eleventh Amendment.   Zhan responds that she did not allege an ADEA claim.  For caution's sake, the Court will address the issue.  Absent voluntary waiver, an arm of the state, such as UMMC, is immune from suit in federal court.  *See Meredith v. Jackson State Univ.*, No. 3:13-CV-303-DPJ-FKB, 2010 WL 606402, at *1 (S.D. Miss. Feb. 17, 2010) (citing *Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 304 (1990)).  Any claims invoking the ADEA are barred.  *Se*e *Carter v. State of Miss.*, No. 3:03-CV-780WS, 2006 WL 2827694, at *3 (S.D. Miss. Sept. 30, 2006).  Because the State has not waived its immunity as to the ADEA, Zhan's ADEA claim  must be dismissed.

### C.  Zhan's State Law Claims

Pursuant to the Mississippi Tort Claims Act, a plaintiff, in order to bring a state law claim against a governmental entity, must first file a notice of claim with the entity's chief executive officer.  *Pou v. Neshoba Cnty. Gen. Hosp. Nursing Home*, No. 3:13-CV-916-CWR-FKB, 2014 WL 585961, at *3 (S.D. Miss. Feb. 14, 2014).

UMMC argues that Zhan's wrongful termination claim is barred because she failed to submit a notice of claim.[2]  It provided an affidavit from its Torts Claim Manager stating that Zhan did not file a notice with UMMC's chief executive officer.  Zhan responded merely that the MTCA cannot be applied in federal court.

Zhan is incorrect: the MTCA *does* apply to state law claims heard in federal court via supplemental jurisdiction, such as hers.  She has failed to provide proof that she filed a notice of claim with the agency.  In as much as all acts forming the basis of her claims are alleged to have happened prior to August 9, 2013, the date of her termination, any tort claims are barred because she had one year in which to file the notice of claim with the governmental agency.  *See Barnes v. Singing River Hosp. Sys.*, 733 So.2d 199, 202 (Miss. 1999) ("The Mississippi Legislature has conclusively stated that the one-year statute of limitations set out in § 11-46-11(3) applies to all actions against governmental entities under the Mississippi Tort Claims Act, regardless of any other statutes of limitations that would otherwise apply.").  *See also Smith v. Brookhaven Sch. District*, No. 3:10-CV-00184-CWR-LRA, 2011 WL 2436146, at *3 (S.D. Miss. June 14, 2011); *Ratcliffe-Sykes v. Miss. Regional Housing Authority*, No. 3:11-CV-712-CWR-LRA, 2012 WL 5997441, at *3, n.1 (S.D. Miss. Nov. 30, 2012).  Thus, her wrongful termination claim and any other state law claims she may have attempted to assert in her complaint are barred.

---

[2] Although Zhan does not specifically classify her wrongful termination claim as one brought under state law, she alleges that she was fired without adequate notice as required by UMMC's personnel policy.

**CONCLUSION**

Accordingly, the Court denies the defendant's motion to dismiss and grants in part and denies in part the defendant's motion for partial summary judgment.

**SO ORDERED**, this the 28th day of October 2015.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE