IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

SHANSHAN ZHAN                                                                             PLAINTIFF

V.                                             CAUSE NO. 3:14-CV-00777-CWR-FKB

UNIVERSITY OF MISSISSIPPI                                         DEFENDANT
MEDICAL CENTER

## ORDER

Before the Court is defendant's motion in limine. Docket No. 84. The motion can be summarized as seeking a pretrial ruling that plaintiff, who remains pro-se, may not introduce evidence, testimony, or argument concerning dismissed claims. With one exception, the motion is granted.

Plaintiff may not introduce evidence or argument to prove claims of age discrimination; sexual harassment; retaliation; Equal Pay Act violations; Title VII pay violations; state law tort claims; or any other Common Law violations. Specifically, defendant has asked that the Court disallow argument from plaintiff that she was underpaid; defendant committed fraud; defendant improperly failed to promote plaintiff; and defendant used excessive force to remove plaintiff from its premises. The Court grants these portions of defendant's motion, as evidence or argument on these points would not advance any element of plaintiff's only surviving claim of race discrimination under Title VII. Furthermore, plaintiff may not introduce testimony, medical records, medical bills, or argument concerning her cancer diagnosis after leaving her position at UMMC, the cancer treatment she has undergone or continues to receive, or any dental procedures she may have received or is receiving. The Court understands and appreciates the medical hardship plaintiff has endured; however, introducing this kind of evidence, testimony or medical records does not prove any element of plaintiff's Title VII race discrimination claim.

Finally, while plaintiff may not seek to prove a claim of national origin discrimination, the Court denies defendant's motion to the extent that it seeks to prevent the introduction of alleged statements concerning plaintiff's status as a Chinese woman, *e.g.* "Chinese Mafia" and "Chinese steal." Those statements may be introduced to prove that plaintiff was discriminated against on the basis of her race. "In some contexts, national origin discrimination is so closely related to racial discrimination as to be indistinguishable." *Bullard v. OMI Georgia, Inc.*, 640 F.2d 632, 634 (5th Cir. 1981) (citing *Spiess v. C. Itoh & Co.*, 408 F.Supp. 916, 928 n.17 (S.D. Tex. 1976). *See also*, *Alizadeh v. Safeway Stores, Inc.*, 802 F.2d 111, 114 (5th Cir. 1986) ("We have recognized the difficulty of differentiating between racial discrimination and discrimination based on national origin."); *Jatoi v. Hurst-Euless-Bedford Hosp. Authority*, 807 F.2d 1214, 1218 (5th Cir. 1987) (discussing the same difficulty in distinguishing one impermissible motivation of discrimination from another). *See generally*, *Alonzo v. Chase Manhattan Bank, N.A.*, 25 F.Supp.2d 455, 459 (S.D. NY. 1998) ("Whether being Hispanic constitutes a race or a national origin category is a semantic distinction with historical implications not worthy of consideration here.").  Therefore, plaintiff may make use of such remarks to demonstrate that she suffered discrimination by reason of her race.

Defendant's motion in limine is granted in part and denied in part. The parties should submit a joint pretrial order to the Court in advance of the pretrial conference. Further, the parties are reminded of the Court's instructions provided with the notice of pretrial conference, particularly regarding the parties' preparation to engage in meaningful settlement negotiations.

**SO ORDERED**, this the 5th day of January, 2017.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE
